Brian G. Cameron, WSBA #44905
Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4584 Facsimile

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| ROBERT MOSIER, | ) Case No.: |
| --- | --- |
| Plaintiff, | ) COMPLAINT |
| vs. | ) (JURY DEMANDED) |
| DIVERSIFIED ADJUSTMENT SERVICE, INC., | ) |
| Defendant. | ) |

Plaintiff Robert Mosier, by and through his attorney, Brian G. Cameron of *Cameron Sutherland, PLLC*, alleges the following:

I. COMPLAINT

1.1.   This is an action for damages and remedies against Diversified Adjustment Service, Inc. (hereinafter "DAS") pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 USC §1692, *et seq*.

/////

/////

COMPLAINT 1

## II. JURISDICTION AND VENUE

2.1.  Jurisdiction of this Court arises under 15 USC §1692k (d), 28 USC §1337, and 28 USC §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 USC §1367. Declaratory relief is available pursuant to 28 USC §2201 and §2202.

2.2.  Venue is proper in this District under 28 USC §1391(b) because the Defendant conducts affairs and transacts business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1  Plaintiff Robert Mosier is a "consumer" as defined by FDCPA, 15 USC § 1692a(3).

3.2  Plaintiff Robert Mosier is a natural person.

3.3  Plaintiff Robert Mosier was alleged to be obligated to pay a debt.

3.4  The alleged debt of Plaintiff Robert Mosier was an alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.5  Plaintiff Robert Mosier's alleged debt was for health care services.

COMPLAINT 2

3.6 Defendant DAS was attempting to collect a "debt" as defined by the FDCPA, 15 USC § 1692a(5).

3.7 Defendant DAS is a "debt collector" as defined by the FDCPA, 15 USC § 1692a(6).

3.8 Defendant DAS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another using the telephone and mail.

## IV. PARTIES

4.1. Now, and at all relevant times, Plaintiff Robert Mosier was a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Western District of Washington.

4.2. Defendant DAS is a for-profit corporation, believed to be incorporated in the state of Minnesota and doing business in the state of Washington.

## V. FACTS

5.1. Defendant DAS alleged that sometime in or around 2015, Plaintiff incurred a debt with Omnicare of Spokane.

5.2. The alleged debt is an obligation incurred primarily for personal, family or household purposes.

5.3. The debt that DAS alleges the Plaintiff owes arose out of services that were provided by Omnicare of Spokane.

COMPLAINT 3

5.4.   Plaintiff disputes that he owes any money to the Defendant or to Omnicare of Spokane.

5.5.   On or about January 6, 2018, Defendant sent a dunning letter to Plaintiff.

5.6.   On January 18, 2018, Plaintiff's counsel sent an attorney representation letter to Defendant, which disputed the alleged debt and requested verification of the same pursuant to 15 USC § 1692g.

5.7.   At no time did Plaintiff's counsel consent to Defendant contacting Plaintiff directly.

5.8.   As of June 18, 2018, or shortly thereafter, Defendant knew that Plaintiff was represented by an attorney.

5.9.   On or about January 30, 2018, Defendant sent another letter directly to Plaintiff, rather than his attorney, stating "enclosed is the itemized statement you requested" and urging Plaintiff to "remit payment in full."

5.10.  The Defendant's January 30, 2018, letter was a communication sent in connection with the collection of the Omnicare of Spokane account.

5.11.  The Defendant's January 30, 2018, letter was sent in direct response to the dispute letter sent by Plaintiff's counsel on January 18, 2018.

5.12.  Plaintiff's counsel responded to the Defendant's January 30, 2018, letter on or about February 9, 2018.

COMPLAINT 4

5.13. In his February 9, 2018, letter, Plaintiff's counsel's informed Defendant, in part, that it violated the FDCPA by contacting his client directly after receiving the prior correspondence from him.

## VI. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

6.1. Plaintiff Robert Mosier incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

6.2. Defendant DAS, violated 15 USC § 1692c(a)(2) by communicating in connection with the collection of a debt with a person known to be represented by counsel.

6.3. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages up to one thousand dollars ($1,000.00), pursuant to 15 USC §1692k(a)(2)(A), plus reasonable attorney's fees and costs, pursuant to 15 USC § 1692k(a)(3), from the Defendant herein.

## VII. ARTICLE III STANDING

7.1　Defendant's Injury is Particularized.

　　7.1.1　Defendant's actions affected the Plaintiff in a personal and individual way.

COMPLAINT 5

      7.1.2  Defendant specifically violated the Defendant's rights (as opposed to the rights of others), which he is entitled to under the FDCPA, as set forth in § VI, above.

  7.2  Plaintiff's Injury is Concrete.

      7.2.1  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 USC § 1692.

      7.2.2  Violating 15 USC § 1692c is abusive conduct by a debt collector.

      7.2.3  Plaintiff had a right to not receive communications from Defendant after he was represented by counsel.

      7.2.4  Defendant's illegal contacts caused the Plaintiff annoyance and frustration.

      7.2.5  Defendant's illegal contacts were akin to a trespass upon Plaintiff's right to not receive communications from a debt collector.

      7.2.6  Defendant's acts and omissions that violated the FDCPA caused Plaintiff concrete injury to his legal rights under the act.

COMPLAINT 6

## VIII. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

8.1.  Statutory damages pursuant to the FDCPA, 15 USC § 1692k(a)(1) for an award of statutory damages of one thousand dollars ($1,000.00) pursuant to 15 USC §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

8.2.  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 USC §1692k(a)(3); and

8.3.  For such other and further relief as may be just and proper.

DATED this _____ day of March, 2018.

*Cameron Sutherland, PLLC*

/s Brian G. Cameron
Brian G. Cameron, WSBA #44905
Attorney for Plaintiff

COMPLAINT 7